E-filing

ORIGINAL FILED
07 AUG -9 PM 3:17
RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

1  Matthew Franklin Jaksa (CA State Bar No. 248072)
   HOLME ROBERTS & OWEN LLP
2  560 Mission Street, 25th Floor
3  San Francisco, CA 94105-2994
   Telephone: (415) 268-2000
4  Facsimile:  (415) 268-1999
   Email:      matt.jaksa@hro.com
5
6  Attorneys for Plaintiffs,
   MOTOWN RECORD COMPANY, L.P.;
7  LAFACE RECORDS LLC; INTERSCOPE
   RECORDS; BMG MUSIC; and SONY
8  BMG MUSIC ENTERTAINMENT
9
10              UNITED STATES DISTRICT COURT
                NORTHERN DISTRICT OF CALIFORNIA
11
12                    C 07    4102    EDL

13 MOTOWN RECORD COMPANY, L.P., a          CASE NO.
   California limited partnership; LAFACE
14 RECORDS LLC, a Delaware limited liability  EX PARTE APPLICATION FOR LEAVE
   company; INTERSCOPE RECORDS, a            TO TAKE IMMEDIATE DISCOVERY
15 California general partnership; BMG MUSIC, a
16 New York general partnership; and SONY BMG
   MUSIC ENTERTAINMENT, a Delaware
17 general partnership,
                    Plaintiffs,
18
19     v.

20 JOHN DOE,
                    Defendant.
21

Ex Parte Application for Leave to Take Immediate Discovery
Case No.
#31630 v1

Plaintiffs, through their undersigned counsel, pursuant to Federal Rules of Civil Procedure 26 and 45, the Declaration of Carlos Linares, and the authorities cited in the supporting Memorandum of Law, hereby apply *ex parte* for an Order permitting Plaintiffs to take immediate discovery.

In support thereof, Plaintiffs represent as follows:

1. Plaintiffs, record companies who own the copyrights in the most popular sound recordings in the United States, seek leave of the Court to serve limited, immediate discovery on a third party Internet Service Provider ("ISP") to determine the true identities of Defendant John Doe, who are being sued for direct copyright infringement.

2. As alleged in the complaint, the Defendant John Doe, without authorization, used an online media distribution system to download Plaintiffs' copyrighted works and/or distribute copyrighted works to the public. Although Plaintiffs do not know the true name of Defendant John Doe, Plaintiffs have identified Defendant by a unique Internet Protocol ("IP") address assigned to Defendant on the date and time of Defendant's infringing activity.

3. Plaintiffs intend to serve a Rule 45 subpoena on the ISP seeking documents that identify Defendant's true name, current (and permanent) address and telephone number, e-mail address, and Media Access Control ("MAC") address. Without this information, Plaintiffs cannot identify the Defendant John Doe or pursue their lawsuit to protect their copyrighted works from repeated infringement.

4. Good cause exists to allow Plaintiffs to conduct this limited discovery in advance of a Rule 26(f) conference where there are no known defendants with whom to confer.

///
///
///
///
///
///
///

1       WHEREFORE, Plaintiffs apply *ex parte* for an Order permitting Plaintiffs to conduct
2 the foregoing requested discovery immediately.

3 Dated: August 9, 2007                                    HOLME ROBERTS & OWEN LLP

By: /s/ Matthew Franklin Jaksa

MATTHEW FRANKLIN JAKSA
Attorney for Plaintiffs
MOTOWN RECORD
COMPANY, L.P.; LAFACE
RECORDS LLC; INTERSCOPE
RECORDS; BMG MUSIC; and
SONY BMG MUSIC
ENTERTAINMENT